UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| KIMBERLY ANN ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-22-HSM-SKL |
| | ) | |
| VICKIE FREEMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

On November 7, 2007, upon her plea of guilty, Kimberly Ann Ross was convicted in the Criminal Court for Bedford County, Tennessee of first-degree murder, receiving for this offense a life term with the possibility of parole. She now brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of her confinement under that judgment of conviction (Doc. 2).

Respondent has filed a motion to dismiss, based on a statute of limitation defense, and a supporting brief (Doc. 8, Attachment 8-1). Petitioner has responded in objection to respondent's motion (Doc. 10), and this habeas corpus case is now ripe for disposition.

**I.  Respondent's Motion**

In her motion, respondent argues that the petition is time-barred. The motion is supported by copies of the relevant state court record (Doc. 9, Notice of Filing, Addenda 1-2). After reviewing the pleadings, the motion, the state court record, and petitioner's response, the Court concludes that the Warden's motion should be **GRANTED** and this petition **DISMISSED**.

## II. Discussion

*A. Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence*. Id.* The time is tolled, however, during the pendency of a properly-filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2).

Here, the first circumstance is the relevant one. Petitioner was convicted on November 7, 2007, and her conviction and judgment became final thirty days later, on December 7, 2007, upon the lapse of the time for seeking an appeal. *See State v. Green*, 106 S.W.3d 646, 648-50 (Tenn. 2002) (finding that a judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence) (citing Tenn. R. App. P. 4(a)). Thus, for purposes of § 2244(d)(1)(A), the time period for petitioner to file her § 2254 petition would end one year afterward, on December 7, 2008.

As noted, however, the limitations statute is tolled while a properly-filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed an application for state post-conviction relief in the Bedford County Circuit Court on October 27, 2008, after

2

AEDPA's one-year clock had ticked for three-hundred and twenty-five (325) days (Doc. 9, Addendum 1, Post-Conviction Pet. at 1). The post-conviction petition was denied, and petitioner's unsuccessful appeals to both levels of state appellate courts concluded on September 1, 2010, when the Tennessee Supreme Court denied her application for permission to appeal. *Ross v. State*, No. M2009-01139-CCA-R3-PC, 2010 WL 2301718 (Tenn. Crim. App. June 9, 2010), *perm. to app. denied*, (Tenn. 2010). Under the prison mailbox rule, petitioner filed this instant application for habeas corpus relief on February 25, 2014, the date she signed it (Doc. 2 at 18). *See Houston v. Lack,* 487 U.S. 266, 270-72 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date of the petition will be deemed to be the filing date, unless there is evidence to the contrary).

Accordingly, AEDPA's clock resumed ticking on September 2, 2010, which was the day after the Tennessee Supreme Court denied further review of her post-conviction petition. The ticking continued for forty-one (41) days and stopped on October 12, 2010.[1] As noted, petitioner filed her § 2254 application on February 25, 2014, more than three years and four months after the lapse of AEDPA's statute of limitations. It is therefore untimely.

Nor is this finding changed by Petitioner's statement, in her § 2254 application, that she filed two state habeas corpus petitions in Davidson County, Tennessee—one on April 12, 2012, and a second one sometime that same year. Petitioner has submitted what appears to be a copy of the first petition (Doc. 2, Pet. at 13-18), but she provides no information as to when or how either of those petitions was resolved. But, taking

---

[1] Actually, only forty days remained on AEDPA's clock, but since the fortieth day fell on Monday, October 11, 2010, a legal holiday (Columbus Day), petitioner had an extra day to file her § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

petitioner at her word (i.e., that she filed two state habeas corpus petitions in 2012), it is clear that, by the time those collateral proceedings were initiated, AEDPA's clock had already stopped on October 12, 2010, and that there was no time left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (finding that "[t]he tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Thus, the filing of the state habeas corpus petitions does not affect the Court's conclusion that this § 2254 petition is time-barred.

*B.     Equitable Tolling*

The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends upon whether a petitioner shows: (1) that she has been diligent in pursuing her rights, and (2) that some extraordinary circumstance stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that she is entitled to equitable tolling. *Id.* The decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner seeks the benefit of equitable tolling for several reasons. Petitioner argues, in her response, that she has submitted new evidence, that she was unaware of any time limits under AEDPA, and that she likewise was unaware that her guilty plea was

4

unknowing and involuntary and, hence, unconstitutional (Doc. 10 at 1-2).

These reasons are insufficient to invoke equitable tolling. She has failed to identify the claimed new evidence or point to the date when she discovered the new evidence. The same is true of her allegation that she was unaware that her guilty plea was unconstitutional obtained, since she does not offer any factual elaboration as to when she discovered any fatal deficiencies involving her guilty plea, much less describe the nature of those deficiencies. Because petitioner has provided nothing from which the Court could draw an inference that she has been diligent in pursuit of unrevealed new evidence or undisclosed deficiencies in her guilty plea, she has not borne her burden of showing that the statute should be equitably tolled.

Moreover, petitioner's assertion that she was unaware of the AEDPA's one-year time limits for filing her § 2254 application also is inadequate to justify an extension of the statute. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (noting that "ignorance of the law alone is not sufficient to warrant equitable tolling") (citation omitted); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that AEDPA's clear provisions regarding the statute of limitations provides constructive knowledge of the filing deadline); *Brown v. United States*, 20 F. App'x. 373, 375, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (holding that, in a § 2255 petition, ignorance of the limitations period does not toll the limitations period) (citation omitted).

Equitable tolling of the limitations period, therefore, is unavailable to petitioner.

Since petitioner has failed to present sound reasons to warrant equitable tolling, her habeas corpus petition will be **DISMISSED** as untimely. 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## IV. Conclusion

Because this petition is untimely, respondent's dispositive motion will be **GRANTED** and this petition will be **DISMISSED**.

**A separate judgment will enter**.

**ENTER**:

/s/ Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE